FILED
SUPERIOR COURT
OF GUAM

2025 APR 16 PM 1:57

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THALIA LEON GUERRERO,<br><br>Plaintiff,<br><br>vs.<br><br>CULGUAM, INC. dba COST-U-LESS,<br>FIRST NET INSURANCE COMPANY and<br>ALLIANZ GLOBAL RISKS US<br>INSURANCE COMPANY,<br><br>Defendants. | CIVIL CASE NO. CV0619-23<br><br><br>**DECISION AND ORDER**<br>*Re: Plaintiff's Motion to Compel* |

This matter came before the Honorable Arthur R. Barcinas on January 21, 2025 for a motion hearing on a Motion to Compel ("Motion"), filed by Plaintiff Thalia Leon Guerrero ("Plaintiff") on October 22, 2024. Attorney Daniel J. Berman was present for Plaintiff, and Attorney Geri E. Diaz was present for Defendants CULGUAM, Inc. dba Cost-U-Less, First Net Insurance Company, and Allianz Global Risks US Insurance Company (collectively, "Defendants"). The Motion is **<u>DENIED</u>** on procedural grounds for failure to attach a certification that the meet-and-confer requirement has been met pursuant to Guam Rules of Civil Procedure ("GRCP") Rule 37(a)(2)(A).

## BACKGROUND

On May 17, 2024, Plaintiff filed an Amended Complaint in which she alleged that Defendant CULGUAM, Inc. ("CUL") negligently maintained its premises. In the Complaint, Plaintiff asserted that CUL failed to secure and properly organize its shopping carts and neglected to address an allegedly dangerous hole adjacent to the shopping cart storage area.

Plaintiff further asserted that CUL's alleged failure to maintain a safe environment directly caused Plaintiff to slip and fall, sustaining multiple injuries.

On January 24, 2024, Plaintiff served her First Request for Production of Documents ("First Request") on CUL. These requests sought three types of evidence: (1) all photos of the area where the incident allegedly occurred; (2) all photos documenting Plaintiff's injuries, specifically her leg, foot, and ankle injuries; and (3) all correspondence made via Store Connect related to repair suggestions of requests concerning the hole in the parking lot. Plaintiff asserts that CUL's initial responses, which included supplemental disclosures and a June 13, 2024 deposition, revealed that there were significant omissions and that CUL's representative acknowledged during the deposition that additional documents were not provided. Plaintiff asserts that she made several written follow-up requests on June 13, July 1, September 13, and September 18, 2024, requesting the missing documents, but that no satisfactory production was provided.

On October 22, 2024, Plaintiff filed the instant Motion to Compel ("Motion"), asserting that CUL's incomplete production violated the rules of discovery and undermined the integrity of the litigation process. On November 19, 2024, Defendants filed an Opposition, asserting that on June 14, 2024, they sent Plaintiff a supplemental disclosure that included all photos of both the location where the incident allegedly occurred and of Plaintiff's injuries, as well as the relevant correspondence from the Store Connect platform. Defendant argued that because these items have allegedly already been produced, the Plaintiff's claims of noncompliance are unfounded and the Motion is therefore moot. On December 3, 2024, Plaintiff filed a reply, arguing that Defendants' production was incomplete and belated. Plaintiff asserted that, while Defendant produced a supplemental disclosure including the Bates numbered documents CULGUAM 800-810, those documents were allegedly provided only after multiple follow-up requests and did not fully address the discovery requests. Plaintiff asserts that no timely, comprehensive, or remedial responses were ever provided by Defendants, and argues that the alleged failure to produce all responsive documents and corresponding communications undermines the discovery process and warrants sanctions.

The Court took the matter under advisement on January 21, 2025.

## DISCUSSION

Plaintiff seeks to compel discovery pursuant to GRCP 37(a). Under 37(a), a party, upon reasonable notice to other parties, may apply for an order compelling disclosure or discovery. If a party fails to make a disclosure required by Guam R. Civ. P. 26(a), any other party may move to compel disclosure. GRCP 37(a)(2)(A). The motion must include a certification that the movant has in good faith conferred or attempted to confer with the party not making the disclosure in an effort to secure the disclosure without court action. *Id.* For the purposes of GRCP 37, "an evasive or incomplete disclosure, answer, or response is to be treated as a failure to disclose, answer, or respond." GRCP 37(a)(3).

Upon review of the Motion, there is no certification that Plaintiff has in good faith conferred or attempted to confer with Defendants in an effort to secure the disclosure without court action. Further, the Motion does not affirm that Plaintiff met and conferred or attempted to meet and confer with Defendants regarding the documents but indicates only that Plaintiff sent multiple written requests to produce the documents in question. The Motion does not even mention the meet and confer requirement, while Defendants reference the meet and confer requirement in the opposition as part of their rote citation of GRCP 37, and Plaintiff's own reply includes a motion from another case that includes a meet and confer certification from the movant in that case. However, there is no such certification attached to the Motion in this case and Plaintiff has not provided any compelling reason for the Court to overlook the omission of the required certification.

Where a party, in moving to compel discovery, fails to attach a certification that the party in good faith met and conferred or attempted to confer with the opposing party in an effort to secure the discovery without court action, a trial court is unable to consider the moving party's contention that the responses were inadequate. *See, e.g., Cavanaugh v. Southern California Permanente Medical Group, Inc.*, 583 F.Supp.2d 1109, 1139 (C.D. Ca. 2008). Plaintiff asserts that she made several written requests to Defendants, but it is not enough to simply submit written requests before engaging the Court, as "[s]ending a letter to the opposing

party demanding compliance with a discovery request is not what this Court regards as an earnest attempt to 'meet and confer' on the issues. Rather, a live exchange of ideas and opinions is required." *Soto v. City of Concord*, 162 F.R.D. 603, 622 (N.D. Ca. 1995). Thus, the Court cannot consider Plaintiff's contention that Defendants' responses were inadequate.

Accordingly, the Motion to Compel is **DENIED** based on the above procedural defect.

## CONCLUSION

For the foregoing reasons, the Motion to Compel is **DENIED**.

**IT IS SO ORDERED**     APR 1 6 2025   .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**